UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **RODERICK CROSSLEY**<br>    **LA. DOC #326560**<br>**VS.** | **CIVIL ACTION NO. 3:15-cv-2093**<br><br>**SECTION P**<br><br>**JUDGE ROBERT G. JAMES** |
| **WARDEN BURL CAIN** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

Petitioner Roderick Crossley is an inmate in the custody of Louisiana's Department of Corrections. On July 24, 2015, his attorney, Shane Paul Landry, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254. This petition attacks Crossley's 2012 murder convictions and the life sentences imposed thereon by the Fourth Judicial District Court, Morehouse Parish.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** because petitioner failed to exhaust available State court remedies and his claims would now be subject to dismissal under the procedural default doctrine were he to attempt to return to State court for a full adjudication of the claims.

*Statement of the Case*

Petitioner was convicted of two counts of second degree murder on March 14, 2012. On August 24, 2012, he was sentenced to serve concurrent sentences of life without parole. He appealed his convictions and sentences to the Second Circuit Court of Appeals. His court-

appointed appellate counsel submitted the following assignments of error: (1) insufficiency of the evidence of identification; (2) trial court error in denying petitioner's motion to suppress identification; (3) spoliation of the evidence; (4) trial court error in determining that petitioner was competent to stand trial; and, (5) excessiveness of sentence. [Doc. 3-2, pp. 1 and 4-36] Petitioner filed a *pro se* brief arguing additional claims, namely, (1) in his rebuttal argument, the prosecutor misrepresented to the jury that defense counsel had held up a photo of the defendant during his closing argument when he meant to show a photo of Mr. McHenry; and (2) various instances of ineffective assistance of counsel namely, failing to interview witnesses, and his trial counsel should have retained a mental health expert in advance of trial.[1] On June 26, 2013, the Second Circuit Court of Appeal affirmed petitioner's conviction and sentence. *State of Louisiana v. Roderick Crossley*, 48,149 (La. App. 2 Cir. 6/26/2013), 117 So.3d 585. [See also slip opinion, Doc. 3-3, pp. 1-39][2]

In a timely *pro se* pleading signed on July 16, 2013, and received and filed on July 22 and 25, 2013, petitioner sought writs in the Louisiana Supreme Court raising the same claims raised

---

[1] Petitioner was unable to provide a copy of the pro se appeal brief. Counsel claims that the pro se appeal brief has "disappeared" and cannot be located in the Fourth Judicial District Clerk of Court. [Doc. 3-1] He apparently did not attempt to obtain a copy from the Second Circuit Court of Appeal.

[2] With regard to the spoliation of evidence claim, the Court of Appeal invoked the provisions of La. C.Cr.P. art. 841, Louisiana's contemporaneous objection rule, and noted, "Because the defendant failed to raise the issue of spoliation of evidence in the trial court, it is not properly before this court on appeal. However, we find that no trial court error occurred in this matter." *Crossley*, 117 So.3d at 599. With regard to petitioner's pro se assignment of error raising the issue of ineffective assistance of counsel, the Court declined to reach the merits of the claim noting, "... the defendant's remedy is PCR wherein the quality of the attorney's performance can be fully developed and explored in an evidentiary hearing. Thus, this issue is not properly before this court and we will defer the claim of ineffective assistance of counsel to PCR." *Crossley*, 117 So.3d at 606.

as counseled and *pro* se assignments of error in the Second Circuit Court of Appeal. [Doc. 1, ¶9(g); Doc. 3-5, pp. 1-61][3] On February 14, 2014, the Supreme Court denied writs without comment. *State of Louisiana v. Roderick Crossley*, 2013-1798 (La. 2/14/2014), 132 So.3d 410. Petitioner did not seek further direct review in the United States Supreme Court. [Doc.1, ¶9(h)]

On December 18, 2014, petitioner, through counsel, Mr. Landry, filed an application for post-conviction relief in the Fourth Judicial District Court. He argued 11 claims for relief.[4] The State filed an answer to the application. [Doc. 1-2, pp. 4-9][5] The application was dismissed

---

[3] Petitioner argued the following claims in his *pro se* writ application – (1) insufficiency of the evidence of identification; (2) trial court erred in denying petitioner's motion to suppress identification; (3) spoliation of the evidence, namely gunshot residue swab of Jerome McHenry and photographs of the victim's face following a battery at the hands of McHenry in July 2006; (4) erroneous finding of competency both at the time of the offense and at the time of trial; (5) excessiveness of sentence; (6) prosecutorial misconduct and court error in denying objection and motion for mistrial; (7) ineffective assistance of counsel for failing to interview eye witness, failure to interview mental health expert and failure to obtain an expert witness. [Doc. 3-5]

[4] Counsel argued the following claims: (1) ineffective assistance of counsel for failing to develop the defense of "diminished capacity or otherwise attack the mental element of the offense;" (2) prosecutorial misconduct by asking leading questions and making evidentiary summations and then eliciting the witness' assent; (3) prosecutorial misconduct when the prosecutor continually badgered witnesses; (4) ineffective assistance of counsel for failing to object to the prosecutor's misconduct; (5) trial court error for failing to sequester jurors; (6) ineffective assistance of counsel for failing to move for a mistrial when the trial court failed to sequester jurors; (7) ineffective assistance of counsel based on counsel's failure to develop the defense by impeaching witnesses or developing alibi witnesses; (8) ineffective assistance of counsel for failing to allow petitioner to testify in his own defense; (9) ineffective assistance of counsel because of a "conflict of interest with appointed counsel sitting second chair;" (10) the prosecution failed to provide impeachment and exculpatory evidence in its possession and was guilty of spoliation of the evidence; and, (11) cumulative error. [Doc. 1, ¶11(a); Doc. 3-4, pp. 1-29]

[5] The State noted that Claims 1, 4, 6, 7 and 8 raised various instances of ineffective assistance of trial counsel and argued that those claims were without merit; the State noted that Claims 2, 3, and 5 raised various instances of due process violations which were not raised on appeal and therefore procedurally defaulted. The State addressed Claim 9, conflict of interest, and noted that the record contained a "proper waiver of conflict" on the part of the petitioner

without a hearing on June 1, 2015.[6] Petitioner did not seek further review of his application for post-conviction relief. [Doc. 1., ¶11(c) and (d)][7]

Petitioner, through counsel, filed the instant petition on July 24, 2015. Petitioner argues claims identical to those asserted in his application for post-conviction relief. [Compare Doc. 1, ¶12 and Doc. 1, ¶11(a); Doc. 3-4, pp. 1-29 ]

As previously observed, petitioner did not seek review of the denial of his application for post-conviction relief in either the Court of Appeal or the Supreme Court. Noting that fact, the undersigned directed counsel for petitioner to "... file a brief or memorandum in support of his contention that petitioner has exhausted all available State court remedies with respect to **EACH** claim for relief raised herein; and, counsel shall also present evidence and argument in the alternative to establish that petitioner's claims are in fact exhausted and not procedurally defaulted, but, in the alternative, he should demonstrate cause and prejudice for the default and/or that a miscarriage of justice would occur in the event that the claims are considered defaulted."

---

prior to trial. The State noted that with regard to Claim 10, the failure to provide exculpatory evidence, the petitioner, in his application, conceded that the State had provided the evidence in question. Finally, the State noted that there was no cumulative error since each error complained of was without merit. [Doc. 1-2, pp. 4-9]

[6] The District Court adopted the State's answer to petitioner's application for post-conviction relief as grounds for dismissal. [See Doc. 1-2, pp. 1-3; Doc. 3-2, pp. 2-3; Doc. 3-4, pp. 30-31]

[7] Petitioner claims that he did not seek further review of his collateral attack because, "No appeal from the denial of Post Conviction Relief was taken. Further state appellate efforts at the time would be futile, in that the Louisiana Second Circuit Court of Appeal has previously declined to review the assignments of error herein, and the Supreme Court of Louisiana had previously denied any writ of *certiorari*. Since these matters have been put before those courts for review, and review was declined, there is no reason to believe that further efforts would have accomplished anything." [Doc. 1, ¶11 (d)]

[Doc. 2]

On November 6, 2015, counsel submitted a "Memorandum in Support of the Amended Petition for Writ of Habeas Corpus." [Doc. 3-1] Therein counsel argued that petitioner's *pro se* appeal brief could not be located and therefore counsel claimed to be uncertain as to petitioner's claims on direct appeal. Counsel also argued that the claim of insufficiency of the evidence which was argued on direct appeal was "incorporated in claim number 2 of Petitioner's original writ petition..." He likewise claimed that the assignment of error with regard to spoliation of the evidence was "incorporated in the argument at claim number 10..." Finally, he concluded that "most of the remaining assignments of error in this present *habeas* petition are but broken down and fleshed out versions of the general assertions previously presented."

## *Law and Analysis*

Federal *habeas corpus* review of state court convictions is limited by the intertwined doctrines of procedural default and exhaustion of state court remedies. Procedural default exists where (1) a state court clearly and expressly bases its dismissal of the petitioner's constitutional claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, ("traditional" procedural default), or (2) the petitioner fails to properly exhaust all available state court remedies, and the state court to which he would be required to petition would now find the claims procedurally barred, ("technical" procedural default). In either instance, the petitioner is deemed to have forfeited his federal *habeas* claims. *Bledsue v. Johnson*, 188 F.3d 250, 254-55 (5th Cir.1999) citing *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1986) and *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999).

The federal *habeas corpus* statute and decades of federal jurisprudence require a petitioner seeking federal *habeas corpus* relief to exhaust all available state court remedies prior to filing his federal petition. 28 U.S.C. § 2254(b)(1)(A); *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Minor v. Lucas*, 697 F.2d 697 (5th Cir.1983); *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir.1999); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir.1999); *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir.1998). In order to satisfy the exhaustion requirement, the petitioner must have "fairly presented" the substance of his federal constitutional claims to the state courts in a "procedurally proper manner." *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir.2001); *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *Magouirk v. Phillips*, 144 F.3d 348, 360 (5th Cir.1998) citing *Richardson v. Procunier*, 762 F.2d 429, 431-32 (5th Cir.1985); *Mercadel*, 179 F.3d at 275 citing *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir.1988); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir.1982), *cert. denied*, 460 U.S. 1056, 103 S.Ct. 1508, 75 L.Ed.2d 937 (1983); *Deter v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993). Moreover, each claim must be presented to the state's highest court, even when review by that court is discretionary. *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *Magouirk*, 144 F.3d at 360 citing *Richardson*, 762 F.2d at 431-32. In Louisiana, the highest court is the Louisiana Supreme Court. *See* LSA – Const. Art. 5, §5(a) ("The Supreme Court has general supervisory jurisdiction over all other courts...")

Thus, in order for a Louisiana prisoner to have exhausted his state court remedies, he must have fairly presented the substance of his federal constitutional claims to the Louisiana Supreme Court in a procedurally correct manner. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir.1997), *cert. denied*, 523 U.S. 1139, 118 S.Ct. 1845, 140 L.Ed.2d 1094 (1998).

The claims raised herein by petitioner are identical to the claims presented to the Fourth Judicial District Court in petitioner's counseled application for post-conviction relief. When post-conviction relief was denied, petitioner did not seek further review of his post-conviction claims in either the Second Circuit Court of Appeal or the Louisiana Supreme Court. In other words, petitioner did not properly exhaust any of his current *habeas corpus* claims by presenting them in a proper manner to the Louisiana Supreme Court. As shown above, counsel for petitioner maintains that the claims presented herein are "... broken down and fleshed out versions of the general assertions previously presented [in the direct appeal]..." [Doc. 3-1] That assertion is unfortunately not supported by the record. While it is true that petitioner raised ineffective assistance of counsel claims on direct appeal, it is also true that the Court of Appeals refused to rule on the claims and instead advised petitioner to litigate his ineffective assistance claims in an application for post-conviction relief.[8] Petitioner's claims of prosecutorial

---

[8] The Court of appeal observed, "As a general rule, a claim of ineffective assistance of counsel is more properly raised in an application for post-conviction relief (PCR) in the trial court than by appeal. This is because PCR creates the opportunity for a full evidentiary hearing under La. C. Cr. P. art. 930. *State v. Payne*, 47,481 (La.App.2d Cir.12/12/12), 108 So.3d 174. When the record is sufficient, this issue may be resolved on direct appeal in the interest of judicial economy. *State v. Payne, supra*.

While the record generally reveals the presentation of a spirited and impassioned defense by the defendant's trial attorneys, it is insufficient for this court to review the specific issues of ineffective assistance alleged by the defendant. We do note that the record indicates that defense counsel did attempt to interview at least one of the state's witnesses, Amberschelle Hampton, who exercised her right not to talk to defense counsel. Further, the defense in this case was mistaken identity and not insanity. Consequently, there does not appear to be a reason to hire a mental health expert to testify at trial. However, the defendant's remedy is PCR wherein the quality of the attorney's performance can be fully developed and explored in an evidentiary hearing. Thus, this issue is not properly before this court and we will defer the claim of ineffective assistance of counsel to PCR. *State v. Kinsey*, 42,935 (La.App.2d Cir.2/13/08), 976 So.2d 315. *State v. Crossley*, 117 So.3d at 606.

misconduct, trial court error, and *Brady* violations were clearly not raised on direct review.

Finally, with regard to the "spoliation" claim, that claim was indeed raised on direct appeal and arguably exhausted. However, when discussing the claim, the Court of Appeal noted that the petitioner's failure to raise the issue in the trial court operated as a procedural default to the claim.[9] Therefore, even though the claim was arguably exhausted, the procedural default analysis would still apply.

---

[9] With regard to this claim, the Court of Appeal observed, "Where issues of spoliation of evidence are raised, the defense often invokes the presumption found in La. R.S. 15:432 and requests a jury instruction to that effect.5 In this case, the defendant did not request any special jury instructions or otherwise object at trial regarding the issue of spoliation of evidence. Here, the jury was clearly instructed to give the defendant the benefit of every reasonable doubt arising out of the evidence or out of the lack of evidence. Further, defense counsel argued extensively about the GSR and even brought it to the attention of the jury in the opening statement.

La. C. Cr. P. art. 841 provides in pertinent part:

   A. An irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence. A bill of exceptions to rulings or orders is unnecessary. It is sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take, or of his objections to the action of the court, and the grounds therefor.

The purpose behind the contemporaneous objection rule is to put the trial judge on notice of an alleged irregularity so that he may cure the problem and prevent the defendant from gambling on a favorable verdict and then resorting to appeal on errors that might easily have been corrected by an objection. *State v. Ballay*, 99–906 (La.App. 5th Cir.2/29/00), 757 So.2d 115, writ denied, 2000–0908 (La.4/20/01), 790 So.2d 13.

Because the defendant failed to raise the issue of spoliation of evidence in the trial court, it is not properly before this court on appeal. However, we find that no trial court error occurred in this matter. The theory of spoliation of the evidence refers to an intentional destruction of evidence for the purpose of depriving the opposing parties of its use. Spoliation creates a presumption that the evidence was destroyed because it would have been detrimental to one's case. However, the presumption of spoliation is not applicable when failure to produce the evidence is adequately explained. *State v. Bobo*, 46,225 (La.App.2d Cir.6/8/11), 77 So.3d 1, writ denied, 2011–1524 (La.12/16/11), 76 So.3d 1202. *State v. Crossley*, 117 So.3d at 599.

It also appears that petitioner would now be unable to return to the Louisiana courts to fully exhaust remedies because a writ application filed months after the judgment complained of would be surely be untimely and not considered. [See Uniform Rules, Courts of Appeal, Rule 4] Further, a second round of post-conviction relief would most assuredly be dismissed pursuant to the provisions of La. C.Cr.P. 930.3(D) which provides, "A successive application shall be dismissed if it fails to raise a new or different claim."

Thus, while State court remedies with respect to petitioner's *habeas* claims were not exhausted, these claims can be said to be "technically exhausted" since State court remedies are no longer available. A petitioner has "technically exhausted" his federal claim if he fails to properly and timely present it to the state courts and is thereafter barred from seeking relief in those courts. *Magouirk v. Phillips*, 144 F.3d 348 (5th Cir.1998) citing *Coleman v. Thompson*, 501 U.S. 722, 731-33, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1986) and *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir.1995); *Coleman*, 111 S.Ct. 732, 735 fn. 1; *Bledsue*, 188 F.3d at 254-55; *Fuller v. Johnson*, 158 F.3d 903, 905-06 (5th Cir.1998). In such a case, however, there is no difference between non-exhaustion and procedural default. *Magouirk*, 144 F.3d at 358. Accordingly, when a petitioner fails to exhaust state court remedies because he has allowed his federal claims to lapse, those claims are considered "technically" procedurally defaulted. *Id.*

Generally, federal *habeas* courts may not review the merits of these procedurally defaulted claims unless the petitioner demonstrates that he should be excused from application of the procedural default doctrine. This he can do by either cause and prejudice or that a miscarriage of justice will result from the denial of federal *habeas corpus* review. *See Finley*, 243 F.3d 215, 220-221 (5th Cir. 2001); *Coleman*, *supra; McCleskey v. Zant*, 499 U.S. 467, 111 S.Ct.

1454, 113 L.Ed.2d 517 (1991); *Moore v. Roberts*, 83 F.3d 699 (5th Cir.1996); *Gray v. Netherland*, 518 U.S. 152, 116 S.Ct. 2074, 135 L.Ed.2d 457 (1996); *Sones*, 61 F.3d at 416. *Murray*, 477 U.S. at 496, 106 S.Ct. at 2649; *Glover*, 128 F.3d at 904; *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir.1995); *Callins v. Johnson*, 89 F.3d 210, 213 (5th Cir.1996) quoting *McClesky*, 499 U.S. at 495, 114 S.Ct. at 1471.

### *Cause and Prejudice*

In *Murray v. Carrier*, the Supreme Court explained that "cause" in this context refers to an impediment external to the defense: "[W]e think that the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule. Without attempting an exhaustive catalog of such objective impediments to compliance with a procedural rule, we note that a showing that the factual or legal basis for a claim was not reasonably available to counsel, or that some interference by officials made compliance impracticable, would constitute cause under this standard. *Id.* at 488, 106 S.Ct. at 2645 (internal citations omitted)." Counsel was directed to demonstrate cause and prejudice but chose not to. Petitioner has shown neither cause nor prejudice and therefore he has not demonstrated grounds for federal review of his technically exhausted but procedurally defaulted *habeas* claims.

### *Miscarriage of Justice*

In order for a *habeas corpus* petitioner to avoid a procedural default by showing a fundamental miscarriage of justice, he must assert his actual innocence by showing that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 106 S.Ct. 2639, 2649, 91 L.Ed.2d 397 (1986); *Glover*, 128

F.3d at 904. To support such an exception, the petitioner must allege that as a factual matter he did not commit the crime. *Corwin v. Johnson*, 150 F.3d 467, 473 (5 Cir.1998); *Ward v. Cain*, 53 F.3d 106, 108 (5 Cir.1995). Thus, the petitioner must make a "colorable showing of factual innocence." *Callins v. Johnson*, 89 F.3d 210, 213 (5th Cir.), *cert. denied*, 519 U.S. 1017, 117 S.Ct. 530, 136 L.Ed.2d 416 (1996) quoting *McClesky v. Zant*, 499 U.S. 467, 495, 114 S.Ct. 1454, 1471, 113 L.Ed.2d 517 (1993). Petitioner has not shown that a fundamental miscarriage of justice would occur as a result of this court's failure to consider his defaulted claims.

*Recommendation*

Therefore, considering the foregoing,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED WITH PREJUDICE** because petitioner failed to exhaust state court remedies and now his claims are procedurally defaulted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.**

*See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

  Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** See 28 U.S.C. §2253(c)(2).  **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

  In Chambers, Monroe, Louisiana, November 23, 2015.

               _____
               **KAREN L. HAYES**
               **UNITED STATES MAGISTRATE JUDGE**